IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR VELEZ-CABRERA ET AL

    Plaintiff

           v.

AUTOS DEL CARIBE ET AL

    Defendants

**Civil No. 10-1079 (SEC)**

**OPINION AND ORDER**

Pending before this Court is Defendants Rafael Esteves, and Carlos Rivera's (collectively "Defendants") motion to dismiss (Docket # 13). Plaintiffs did not file an opposition. After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED**.

**Factual and Procedural Background**

On February 4, 2010, Plaintiffs filed suit against Defendants in their official and individual capacity, and against Autos del Caribe, under the Age Discrimination Employment Act, 29 U.S.C. §§ 621 et seq, Law 100, P.R. Laws Ann. tit. 29, § 146 et seq, Law 80, P.R. Laws Ann. tit. 29, § 185a et al, Article II of the Commonwealth's Constitution, P.R. Laws Ann. tit. 1, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. Docket # 1. Shortly thereafter, Defendants filed their answer to the complaint (Docket # 14),[1] and moved to dismiss the claims against them arguing that there is no individual liability under the ADEA and Law 80. Docket # 13. To this date, Plaintiffs have not opposed.

---

[1] Autos del Caribe also answered the complaint. Docket # 12.

**CIVIL NO. 10-1079 (SEC)**                                                                 Page 2

### Standard of Review

*Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).² In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

---

² FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 10-1079 (SEC)**                                                                 Page 3

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,'but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008).

**Applicable Law and Analysis**

Although the Supreme Court and the First Circuit have yet to address whether or not there is individual liability under the ADEA or the ADA, this district "has followed the majority of circuits that have confronted the issue and held that no personal liability can attach to employees under the ADEA or the ADA." Reyes-Ortiz v. Valdes, No. 09-1333, slip. op. at * 9-10 (D.P.R. Mar. 22, 2010); see also Julia v. Janssen, Inc., 92 F. Supp. 2d 25, 28-29 (D.P.R. 2000) (citing Diaz v. Antilles Conversion & Export, Inc., 62 F. Supp. 2d 463, 465 (D.P.R. 1999); Vizcarrondo v. Bd. of Trs., 139 F. Supp. 2d 198, 205 (D.P.R. 2001); Rodriguez v. Puerto Rico Marine Management, Inc., 975 F. Supp. 115, 120 (D.P.R. 1997); Pagan-Maldonado v.

Centennial Puerto Rico Communication Corp., No. 09-1389, slip. op. at 27 (D.P.R. Dec. 8, 2009). A similar conclusion has been drawn in this district regarding personal liability under Puerto Rico Law 80. See Flamand v. American Intern. Group, Inc., 876 F.Supp. 356, 364 (D.P.R. 1994); Martinez v. Blanco Velez Store, Inc., 393 F. Supp. 2d 108, 113 (D.P.R. 2005).

Accordingly, Plaintiffs' ADEA and Law 80 claims against Defendants must be dismissed. Moreover, having dismissed Plaintiffs' federal law claims against Defendants, their claims under Law 100 and Article 1802 against said Defendants are also **DISMISSED WITHOUT PREJUDICE**. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine sate-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit.")

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED**. Accordingly, Plaintiffs' ADEA and Law 80 claims against Defendants are **DISMISSED WITH PREJUDICE**, and their Law 100 and Article 1802 are **DISMISSED WITHOUT PREJUDICE.** Notwithstanding, Plaintiffs' claims against Autos del Caribe remain pending before this Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of May, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge